TUCKER ELLIS LLP
Lance D. Wilson SBN 183852
lance.wilson@tuckerellis.com
Ferlin P. Ruiz SBN 209258
ferlin.ruiz@tuckerellis.com
One Market Plaza
Steuart Tower, Suite 700
San Francisco, CA 94105
Telephone: 415.617.2400
Facsimile: 415.617.2409

TUCKER ELLIS LLP
Justin E. Garratt SBN 253520
justin.garratt@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
UNITED TECHNOLOGIES CORPORATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH THRASH and CHEZ THRASH, <br><br> Plaintiffs, <br><br> v. <br><br> CIRRUS ENTERPRISES, LLC, et al., <br><br> Defendants. | Case No.: 4:17-cv-01501 <br><br> ~~(PROPOSED)~~ **PROTECTIVE ORDER RE: EXPORT-CONTROLLED AND CONFIDENTIAL/PROPRIETARY DOCUMENTS AND INFORMATION** |

1. It is hereby ordered by the Court that the following shall apply to information, documents, testimony, excerpts from documents, and other materials produced in this action by the parties to this action pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the Northern District of California governing

1

disclosure and discovery.

2. Information, testimony, documents and other materials may be designated ("Designated Material") by any of the parties to this lawsuit, ("Designating Party(ies)") in the manner permitted as set forth in this order. All such information, testimony, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designations shall be (a) "CONFIDENTIAL" ("Confidential"); (b) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," (hereafter: "Export-Controlled"); (c) "Limited Distribution"; and/or (d) "Proprietary."

3. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL," "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," "Limited Distribution," and/or "Proprietary", thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Depending on the nature and substance of the document, Designating Parties may designate with more than one designation under this order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

4. Nondisclosure of information designated as "CONFIDENTIAL":
  a. Information may be designated as "CONFIDENTIAL" if the information constitutes (i) a trade secret as defined under law; (ii) confidential business information, the disclosure of which might adversely affect or prejudice business or competitive position of the Designating Parties or any of their past or present subsidiaries, affiliated companies, or divisions, within their trade or business; (iii) non-public financial information relating to a Designating Party or any of its present or past subsidiaries, affiliated companies, or divisions;

(iv) non-public information which a Designating Party is under an obligation to any other person to maintain in confidence; (v) any information otherwise protected from disclosure by the applicable rules of civil procedure and/or rules of evidence; or (vi) a Designating Party's proprietary information. "CONFIDENTIAL" information will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as "CONFIDENTIAL" as set forth in this Protective Order by any party to which such information belongs. All documents marked as "Proprietary" will be deemed as designated "CONFIDENTIAL."

b. The Parties agree that information designated "CONFIDENTIAL" may be used by any or all parties to the instant litigation for any lawful purposes at deposition and/or trial and may be attached as an Exhibit to any depositions taken for these purposes. In the event that the information designated as "CONFIDENTIAL" is attached as an Exhibit to any document filed with the Court or deposition by any party, the Designating Party will inform the party so doing that it must agree, through the execution of the Acknowledgement attached hereto, to be bound to the terms of this Protective Order.

c. If a party or its principal or authorized agent receives a subpoena or other process ("Subpoena") demanding production of information or materials that have been designated as "CONFIDENTIAL", the recipient of the subpoena shall promptly give notice of the same by electronic mail, certified express mail (return receipt requested),

overnight delivery, or facsimile transmission to counsel of record for the affected Designating Party and shall furnish such counsel with a copy of the Subpoena or other request so that the affected Designating Party may, in its sole discretion, move to quash or limit the Subpoena or request or otherwise oppose production of the material or information designated as "CONFIDENTIAL." The person receiving the Subpoena or other request shall not produce the information or material designated as "CONFIDENTIAL" until the Designating Party has had a reasonable opportunity to challenge the Subpoena or request.

5. Material designated as "CONFIDENTIAL" shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    a. Parties: Material designated "CONFIDENTIAL" may be disclosed to parties to this action or attorneys, directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

    b. Other Persons: Material designated "CONFIDENTIAL" may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

    c. Competitors: Material designated "CONFIDENTIAL" may not be provided to competitors of the Designating Party, including but not limited to in-house counsel for the Designating Party's competitors,

their paralegals, or regularly employed office staff, but excluding local counsel for any defendant in this case. The Designating Party seeking to preclude distribution to competitors must furnish a list identifying the prior or present competitors with whom material designated "CONFIDENTIAL" may not be disclosed without permission. Any party that believes it is necessary to disclose material designated CONFIDENTIAL" to a competitor(s) of the Designating Party as defined herein, must obtain the approval of the Designating Party prior to disclosure of the Designated Material or, alternatively, a court order permitting such disclosure.

6. The Designating Party shall designate any materials, testimony or information that it believes to be subject to U.S. Export Control Laws[1] as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations." The Designating Party shall designate any documents that contain a distribution limitation statement from the Department of Defense or any branch of the U.S. Military as "Limited Distribution ".

7. Material designated as Export-Controlled may only be released, disclosed or made accessible to U.S. Persons (as that term is defined at 22 CFR 120.15 and hereafter "U.S. Person" or "U.S. Persons"), that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, as determined by an appropriate screening process performed by the Designating Party releasing the materials, testimony, and/or information. This restriction applies to any Material designated as Export-Controlled, whether stored electronically on a server or otherwise. Before Designated Material is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

---

[1] U.S. Export Control Laws shall include, but not limited to, the International Traffic in Arms Regulations (22 CFR 120-130) ("ITAR"), the Export Administration Regulations (15 CFR 730 et seq.) ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

5

8. Prior to disclosing any Designated Material to any person, the person making such disclosure shall:

    a. Inform the person to whom disclosure is intended of the Confidential, Export-Controlled, or Limited Distribution nature of the Designated Material; and

    b. Inform the person to whom disclosure is intended that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

    c. Provide the person to whom disclosure is intended with a copy of this order and obtain a copy of Exhibit A that is signed by that person.

9. In addition to the other requirements of this Order, by accepting Material designated as Export-Controlled, the receiving party ("Receiving Party") represents and warrants that he/she/it is a U.S. Person (as that term is defined as set forth above and at 22 CFR 120.15) and that the receiving party will comply with all applicable export, import and sanctions laws, regulations, orders, and authorizations. By accepting documents designated as "Limited Distribution," the receiving party further represents and warrants that he/she/it will comply with the limitation restrictions as set forth in the document as to disclosure and distribution of any such documents or information.

10. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

11. An Exhibit A signed by the person receiving Designated Material must be provided to the Designating Party before any Designated Material is disclosed to that person. As outlined in Paragraph No. 7, above, the person receiving Designated Materials must also be successfully screened by the Designating Party before any Designated Material is disclosed to that person. The Designating Party shall maintain a collection of all signed documents (Exhibit A) by which persons have agreed to be bound

by this Order.

12. The Designating Parties will use reasonable care to avoid designating documents or information that does not need to be designated as such.

13. A party may submit a request in writing to the Designating Party that produced Designated Material that the designation be modified or withdrawn. If the Designating Party does not agree to the withdrawal or re-designation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

14. When Export-Controlled testimony is given at a deposition or when Export Controlled Material is produced at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under this order.

15. A party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under this Order and the exhibit receives the same designation as the original Designated Material.

16. Deposition transcripts, or portions thereof, may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within fifteen business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof, including any "rough draft," incomplete or uncertified copies of the transcript in their possession or control as directed by the Designating Party. Pending expiration of the fifteen business days, the deposition transcript shall be treated as designated Export-Controlled and Confidential in its entirety, and may not be distributed to anyone other than the Designating Party.

17. A party which reasonably anticipates it will produce or that it will be requested to produce information or material at a hearing or discovery proceeding that is

or will be designated as Export-Controlled material must notify all parties of the same within ten days of receiving notice of the hearing or discovery proceeding. Parties who expect to attend any hearing or discovery proceeding where notice has been given about the possible disclosure of Export-Controlled material pursuant to this paragraph must provide to the Designating Party the names and sufficient personal information necessary to conduct the screening described in paragraph No. 7, above, of all persons whom they wish to attend the hearing or discovery proceeding. The names and identifying information must be provided to the Designating Party at least 14 calendar days before the date noticed for the hearing or discovery proceeding. The Designating Party will respond no later than three days before the hearing or discovery proceeding with the results of the screening. Any party that fails to timely provide the names and necessary identifying information may waive its right to be present at the subject hearing or discovery proceeding.

18. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material or relieve any party or person from the provisions and restrictions of this Order. All parties to this action or parties or persons who obtain access to material designated as Export-Controlled must comply with this Order and all restrictions, regulations and laws set forth in the U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, and U.S. Export Administration Regulations in disclosing any Export-Controlled material in papers filed with the Court or presented at any hearing, including trial.

19. Filing Designated Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Designated Material in the public record in this action. A Party that intends to file any Designated Material must comply with the requirements for filing documents under seal as set forth in Civil Local Rule 79-5. Pursuant to Civil Local Rule 79-5, a sealing order will issue on an Administrative Motion by the Party seeking to file the Designated Material which establishes that the Designated Material at

issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. ~~Within~~ If the Party seeking to file Designated Material is not the Designating Party, then within four (4) days of the filing of the Administrative Motion, the Designating Party must file a declaration establishing that all of the designated material is sealable, as required by Civil Local Rule 79-5(d)(1)(A)~~.~~ and Civil Local Rule 79-5(e)(1).

20. Upon final termination of this action as to any party (whether by settlement, judgment, dismissal, or otherwise), all Designated Material and copies thereof in the possession of the terminated party shall be destroyed or promptly returned (and in no event later than forty-five (45) days after said termination) to the Designating Party. In the case of deposition testimony the Designated Material shall be destroyed or permanently redacted including any electronically stored transcripts or copies. The receiving party shall provide to the Designating Party a certification that all Designated Materials have been returned or destroyed, or in the case of deposition transcripts, permanently redacted (including any electronically stored copies).

21. Inadvertent production of Confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

22. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.

23. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other

relief from the Court.

24. Entering into or agreeing to this order and/or receiving or producing Designated Material pursuant to this order or otherwise complying with the terms of this Protective Order shall not:

    a. be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding;

    b. operate as an admission by any party that any particular information or material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    c. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL;"

    d. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

    e. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    f. prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

    g. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

    h. prejudice in any way the rights of a party to make a showing that information or materials are of proprietary or competitive value;

i. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material; or

j. shift any evidentiary burdens with respect to the protection or production of documents or information in this action.

25. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED.

Dated: ~~July~~ October 11, 2017

By: /s/ Jon S. Tigar

Honorable Jon S. Tigar

United States District Judge

# EXHIBIT A

I have read and received a copy of the Protective Order entered in the lawsuit entitled

I attest that I am a U.S. Person as that is defined at 22 CFR 120.15 and as referenced in paragraph No. 7 of the Protective Order. I agree that I will provide sufficient personal information to any Designating Party that produces Export-Controlled information or material in this matter so that the Designating Party may conduct a screening as set forth in paragraph No. 7 of this Order before I receive any such materials or information. I understand that I am not eligible to receive and will not receive any such Export-Controlled information and materials if I do not successfully pass that screening.

I attest that I am, (a) a party in this case; (b) counsel or staff for counsel representing a party in this case; or, (c) a consultant retained by a party in this case. I further attest that any Designated Material that I receive will be used solely to provide services related to this matter and that I am not presently employed by a competitor of the Designating Party and do not have an intention to be employed or conduct any type of work whatsoever with or for any such competitor(s) in the immediate future.

I hereby agree that I will not disclose any information contained in Designated Material to any person unless permitted by this Order. I further agree not to use any such information for any purpose other than this litigation and pursuant to the restrictions set forth in this Order.

Within thirty (45) days after the final disposition of the Lawsuit, I agree to return any and all copies of Designated Materials produced by the Designating Party, as outlined in this Order, to counsel for the Designating Party or the party that I am working for or associated with so that the Designated Materials that I received can be returned to the Designating Party. I will not maintain a copy of any Designated Materials in my possession (or any notes, summaries, or abstracts of its substance) without the express, written authority from the Designating Party.

12

As a condition to being allowed access to Designated Material, I agree and consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to the enforcement of the provisions of this Order.

Name:
Address:
DATED:
Signature: