UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH THRASH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br> Defendants. | Case No. 17-cv-01501-JST <br><br> **ORDER GRANTING DEFENDANT ROHR, INC.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Re: ECF Nos. 147, 183 |

Before the Court is Defendant Rohr, Inc.'s motion for summary judgment. ECF No. 147. Plaintiffs Joseph and Chez Thrash filed an administrative motion to file documents under seal in support of their opposition to Rohr's motion. ECF No. 183. The Court will grant Rohr's motion and deny Plaintiffs' administrative motion as moot.[1]

## I. ROHR'S MOTION FOR SUMMARY JUDGMENT

Defendant Rohr, Inc. moves for summary judgment on grounds that "Plaintiffs have not and cannot establish the threshold element of their claims against Rohr: that Joseph Thrash was ever exposed to asbestos from a Rohr product." ECF No. 147 at 10. Exposure to a Rohr product is an element of Plaintiffs' claims. *See Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 982 (1997) ("In the context of a cause of action for asbestos-related latent injuries, the plaintiff must first establish some threshold *exposure* to the defendant's defective asbestos-containing products . . . .") (emphasis in original).

Nor do Plaintiffs dispute that, in opposing Rohr's motion, they have the burden of presenting admissible evidence to show that a genuine dispute of material fact exists on the

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds both matters suitable for disposition without oral argument.

question of exposure by Rohr. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Plaintiffs' opposition, however, fails to present any such evidence. Instead, Plaintiffs argue that the Court should either deny the motion or grant a continuance under Federal Rule of Civil Procedure 56(d) to allow Plaintiffs additional time to conduct discovery. ECF No. 184 at 7-8.

Plaintiffs' argument has no merit. To receive a Rule 56(d) continuance, a party opposing summary judgment "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).[2] Here, Plaintiffs have not demonstrated the second requirement, that the facts exist. Plaintiffs argue that:

> If Rohr were to actually search their records for the writings and contracts between themselves and the other defendants in this case, which has been requested, they would uncover the components used to make and assemble the products at issue as well as the products used to install the engines on the aircraft.

ECF No. 184 at 7. But this is mere speculation.

Indeed, the documents Plaintiffs believe Rohr should be able to find have been the subject of multiple discovery disputes before Magistrate Judge Elizabeth D. Laporte. In denying Plaintiffs' recent motion for evidentiary sanctions,[3] Judge Laporte concluded that Rohr's "opposition and accompanying declaration shows that it took steps that appear to be reasonable to comply with" her January 25, 2018 order. ECF No. 221 at 1. Moreover, Judge Laporte noted that "it is not surprising that [Rohr] did not locate the documents that Plaintiffs want, given that . . . they are fifty years old or more, and under the applicable build-to-print programs, the customers (Boeing and Lockheed) instructed [Rohr] to roll them up and return them to those customers." Id.

---

[2] This case refers to Rule 56(f), but the Federal Rules of Civil Procedure have since been amended, and the content of former Rule 56(f) is now contained in Rule 56(d).

[3] Plaintiffs' motion requested "either (A) an order compelling Defendant [Rohr] to allow Plaintiffs access to their records; or, in the alternative, (B) an order imposing evidentiary sanctions against Defendant Rohr, Inc. that establishes (1) Defendant Rohr, Inc. manufactured and supplied asbestos-containing products, and (2) that Plaintiff Joseph Thrash was exposed to asbestos from such products manufactured and supplied by Defendant." ECF No. 210 at 3.

1 Nonetheless, she ordered Rohr to file a declaration "describing precisely how the search team used
2 Plaintiffs' proposed keywords (which were only provided by Plaintiffs to [Rohr] quite late, on
3 March 20, 2018) in the search portal for the Iron Mountain records and the results." Id.

Rohr filed the required declaration, which explained that the search terms provided by Plaintiffs' counsel "were typed into the Iron Mountain portal to see if there were any hits in the Major Description and/or Minor Description fields for each of the aircraft at issue." ECF No. 222 at 2. These "narrative fields" are where "those key words would be located, if they exist." Id. "The searches were performed on all Rohr Iron Mountain accounts, across all departments and divisions. There were no responsive results." Id.

Plaintiffs have not met their burden of demonstrating that a Rule 56(d) continuance should be granted. Nor have they presented any evidence of Rohr's liability. Accordingly, the Court will grant Rohr's motion for summary judgment.

## II. PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

In connection with their opposition to Rohr's motion, Plaintiffs filed an administrative motion to file under seal portions of the deposition transcript of Nolan Leatherman. ECF No. 183. The Court will deny the motion as moot because the Court did not rely on the Leatherman deposition in ruling on Rohr's motion. The documents shall not be filed in the public record.

However, the Court reminds Defendants – the Boeing Company, in this instance – of the requirements of Civil Local Rule 79-5(e). Where, as here, Plaintiffs seek to file material designated as confidential by another party, "the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civil L.R. 79-5(e)(1). Boeing failed to do so here. Failure to file the required declarations in the future may result in the Court's denying a motion to file documents under seal and allowing the documents to be filed in the public record.

/ / /
/ / /
/ / /
/ / /

## CONCLUSION

Rohr's motion for summary judgment is granted. Plaintiffs' motion to file documents under seal in connection with their opposition to Rohr's motion is denied as moot.

**IT IS SO ORDERED.**

Dated: April 16, 2018

_____
JON S. TIGAR
United States District Judge